**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. BOWKER, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC. AND JOHN DOES 1-10,<br><br>              Defendants. | Civil Action No. 18-11320 (SDW)(SCM)<br><br>**OPINION**<br><br>September 24, 2020 |

**WIGENTON**, District Judge.

Before this Court is Defendants Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc.'s ("MCM") (collectively, "Defendants") motion to compel individual arbitration and to dismiss Plaintiff William J. Bowker's ("Plaintiff" or "Bowker") individual and class action claims pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, this Court **GRANTS** Defendants' motion to compel individual arbitration and to dismiss.

### I.    BACKGROUND AND PROCEDURAL HISTORY

On or about November 9, 2007, Plaintiff obtained a credit card from non-party Synchrony Bank ("Synchrony").[1]  (*See* D.E. 61-1 Ex. 1 at 7, Ex. 2 § 4.16; D.E. 61-4 ¶ 6.)[2]  At that time,

---

[1] Synchrony was formerly known as GE Capital Retail Bank, formerly known as GE Money Bank.  (D.E. 61-4 ¶ 2.)
[2] Citations to "D.E." refer to refer to the docket entries for the parties' motion papers, including briefs, affidavits, declarations, and statements of undisputed facts and the documents attached to and referenced therein.

Plaintiff and Synchrony entered into a Cardholder Agreement ("Agreement"), the terms of which governed Plaintiff's account (the "Account").[3] The Agreement permitted Synchrony to assign or transfer "any of [its] rights or duties" under the Agreement. (D.E. 61-4 Ex. D.) The Agreement also contained an arbitration provision which stated, in part:

> **PLEASE READ THIS SECTION CAREFULLY. IF YOU DO NOT REJECT IT,[4] THIS SECTION WILL APPLY TO YOUR ACCOUNT, AND MOST DISPUTES BETWEEN YOU AND US WILL BE SUBJECT TO INDIVIDUAL ARBITRATION. THIS MEANS THAT: (1) NEITHER A COURT NOR A JURY WILL RESOLVE SUCH DISPUTE; (2) YOU WILL NOT BE ABLE TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING . . .**
> **YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION. ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDER WHO IS NOT AN ACCOUNTHOLDER ON YOUR ACCOUNT . . .**

(*Id.* at Section III.)[5] The arbitration provision also stated that claims subject to arbitration include "any dispute or claim . . . if it relates to your account . . . ." (*Id.*)

By early 2016, Plaintiff had accumulated a debt of approximately $6,478.00 on the Account which was charged off on December 21, 2016. (*See* D.E. 61-1 Ex. 2 § 4.16; D.E. 61-4 Ex. F; D.E. 61-5 ¶¶ 5, 13, Ex. 4.) Synchrony subsequently sold the Account to Midland Funding LLC ("Midland") in January 2017 pursuant to a Bill of Sale and a "Forward Flow Accounts Purchase Agreement" ("Purchase Agreement") through which Midland purchased "all right (including the right to legally enforce, file suit, collect, settle or take any similar action with respect to such Account), title and interest in and to the Account[] . . . ." (D.E. 71-2 Ex. 3 at MIDLAND005; D.E.

---

[3] The terms governing the Account were mailed to Bowker at that time, and updates to those terms were subsequently mailed on April 20, 2009, August 20, 2009, and November 21, 2011. (D.E. 61-4 ¶¶ 7-12, Ex. A-D.) The terms of the November 21st agreement are at issue here.

[4] To reject this provision, a cardholder is required to send "notice within 60 days after you open your account or we first provided you with your right to reject this provision. The notice must include your name, address and account number, and must be mailed to GE Capital Retail Bank, P.O. Box 965012, Orlando, FL 32896-5012." (D.E. 61-4 Ex. D Section III.) There is nothing in the record that indicates that Bowker rejected or opted out of the arbitration provision. (*See* D.E. 61-4 ¶ 15.)

[5] The Agreement provided that it "shall be governed by, and enforceable under, the Federal Arbitration Act (the 'FAA')." (D.E. 61-4 Ex. D.)

61-4 ¶¶ 14-16 Ex. F, G; D.E. 61-5 ¶ 5.)  Midland Funding referred the matter to its servicer, MCM, and MCM then attempted to collect on Plaintiff's account.  (D.E. 61-5 ¶¶ 2-3; D.E. 9 ¶¶ 18-22, Ex. B.)

On or about July 2, 2018, the instant suit was filed against Defendants.  (D.E. 1.)  In the Amended Complaint, filed on September 14, 2018, Plaintiff sues "individually and on behalf of a class of all others similarly situated," alleging that Defendants' attempts to collect on Plaintiff's outstanding Account violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692e *et seq.*.  (*See generally* D.E. 9.)  Defendants filed the instant Motion to Compel/Dismiss on May 18, 2020 and all responses were timely filed.  (*See* D.E. 61, 65, 71, 77.)

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements.  *See, e.g.*, *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable").  "When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement." *Ellin v. Credit One Bank*, Civ. No. 15-2694, 2015 WL 7069660, at *2 (D.N.J. Nov. 13, 2015); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009).  To conduct its inquiry, the court applies "ordinary state-law principles that govern the formation of contracts."  *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

### III. DISCUSSION

*Validity of Arbitration Agreement*

There is no dispute that the Agreement entered into between Plaintiff and Synchrony is valid. Plaintiff does not challenge the validity of the Agreement or its arbitration provision, but rather argues that he is not required to arbitrate disputes with Defendants because "they did not acquire any Synchrony arbitration rights when they acquired Synchrony's accounts." (D.E. 65 at 7.) The clear language of the Purchase Agreement, however, states that Midland Funding purchased "**all right** (including the right to legally enforce, file suit, collect, settle or take any similar action with respect to such Account), title and interest in and to the Account[] . . .." (D.E. 71-2 Ex. 3 at MIDLAND005 (emphasis added).) By purchasing "all right[s]" in the Account, Midland Funding stepped into the shoes of Synchrony and is entitled to enforce the arbitration agreement. *See Lance v. Midland Credit Mgmt.*, Civ. No. 18-4933, 2019 WL 2143362, at * (E.D. Pa. May 16, 2019) (reviewing identical language to determine that "under the plain language of the Purchase Agreement, Midland bought all rights to [the Account]" including "the right to arbitration"). Midland Credit is Midland Funding's affiliate tasked with collecting on Plaintiff's delinquent account. (*See* D.E. 61-5 ¶¶ 2-3.)[6] Therefore, it is also entitled to enforce the arbitration agreement. *See, e.g.*, *Montalbano v. Calvary Portfolio Servs., LLC*, Civ. No. 12-01471, 2013 WL 593988, at *7 (W.D. Pa. Feb. 15, 2013) (discussing the rights of assignees for debt collection and holding that defendant, "the assignee for collection purposes of [plaintiff's] account by way of a valid assignment from its original owner . . . through [its successor, defendant] is entitled to enforce" the arbitration clause contained in the original credit card agreement); *Dotson v. Midland*

---

[6]This Court also takes judicial notice of MCM's website which identifies it as an affiliate of Midland Funding, https://www.midlandcreditonline.com/who-is-mcm/midland-funding-llc/, and federal court decisions that identify MCM as a subsidiary/affiliate of Midland Funding. *See, e.g.*, *Madden v. Midland Funding, LLC*, 786 F.3d 246, 248 (2d Cir. 2015) (identifying Midland Funding as a "debt purchaser" and Midland Credit as "an affiliate of Midland Funding that services Midland Funding's consumer debt accounts."); *Olnick v. Fulton, Friedman & Gullace, LLP et al.*, Civ. No. W-11-CA-071 (W.D. Tex. Oct. 13, 2011) Document No. 70, Order at 2 (identifying MCM as a subsidiary of Midland Funding "tasked with collecting" debt owed to Midland Funding).

*Funding, LLC*, Civ. No. 18-16253, 2019 WL 5678371, at *6-7 (D.N.J. Aug. 1, 2019), *report and recommendation adopted by* 2020 WL 291537 (D.N.J. Jan. 21, 2020). The language of the Agreement is both broad and explicit and requires individual arbitration of claims against Synchrony's assigns or successors, as well as their affiliates. Therefore, the arbitration provision is valid as to disputes between Plaintiff and Defendants.

*Scope of the Arbitration Agreement*

The arbitration provision of the Agreement provided that claims subject to arbitration include "any dispute or claim . . . if it relates to your account . . . ." (D.E. 61-4 Ex. D Section III.) Plaintiff's claim that Defendants' attempts to collect on his Account violated the FDCPA clearly falls within the category of "any dispute or claim" and must be arbitrated. *See, e.g.*, *Clemons v. Midland Credit Mgmt.*, Civ. No. 18-16883, 2019 WL 3336421, at *5-6 (D.N.J. July 25, 2019) (determining that debt collection disputes fell within the scope of a similar arbitration agreement); *George v. Midland Funding, LLC*, Civ. No. 18-15830, 2019 WL 2591163, at *4 (D.N.J. June 25, 2019); *Harris v. Midland Credit Mgmt.*, Civ. No. 15-4453, 2016 WL 475349, at *2 (D.N.J. Feb. 8, 2016).

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Compel Individual Arbitration is **GRANTED**. This matter shall be **DISMISSED**. An appropriate order follows.

                                                         /s/ Susan D. Wigenton
                                           SUSAN D. WIGENTON, U.S.D.J.

cc:    Clerk
       Parties
       Leda D. Wettre, U.S.M.J.