**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEVEN C. MANNION**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 3053**<br>**NEWARK, NJ 07101**<br>**973-645-3827** |

October 9, 2020

**LETTER ORDER**

Re:    D.E. 79, Motion to Seal

   **BOWKER v. MIDLAND FUNDING, LLC,** *et al.*
   **Civil Action No. 2:18-cv-11320-SDW-SCM**

Dear Litigants:

   This matter comes before the Court by way of Defendants' Midland Funding, LLC ("Midland) and Midland Credit Management, Inc.'s ("MCM") Motion to Seal Exhibit 3 to their Reply Memorandum in support of their Motion to Compel Arbitration.[1] Plaintiff William J. Bowker (Mr. Bowker) submitted his opposition to this Motion,[2] to which Defendants responded.[3] The Court has reviewed the parties' submissions and for good cause shown, **GRANTS** Defendants' motion to seal.

   I.     Legal Standard & Discussion

   It is well settled that there is "a common law public right of access to judicial proceedings and records."[4] Therefore, when a moving party seeks an order sealing court records, it must demonstrate that "good cause" exists to overcome the presumption in favor of public access.[5] In this District, Local Civil Rule 5.3(c) governs all motions to seal or otherwise restrict public access to judicial proceedings and materials filed with the Court.[6] In deciding a motion to seal, the Local Rule directs the Court to consider "(a) the nature of the materials or proceedings at

---

[1] (ECF Docket Entry No. ("D.E.") 79).

[2] (D.E. 80, Pl.'s Opp'n to Mot. to Seal).

[3] (D.E. 85, Defs.' Reply Mem.).

[4] *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

[5] *Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889 (D.N.J. Mar. 30, 2006).

[6] L. Civ. R. 5.3(c).

issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief sought is not available, (e) any prior order sealing the same materials in the pending action, and (f) the identity of any party or nonparty known to be objecting to the sealing request."[7]

### A. *Nature of the Materials*

To satisfy the first factor, Defendants must provide a detailed description of the documents they desire to seal.[8] Midland and MCM supply a detailed index in their motion that identifies the materials it wishes to seal as exhibits to their Reply Memorandum in Further Support of their Renewed Motion to Compel Arbitration: specifically, Exhibit 3, the Forward Flow Accounts Purchase Agreement between Defendant Midland and a nonparty.[9] The Court finds Defendants have adequately satisfied this factor.

### B. *The Legitimate Private or Public Interests which Warrant the Relief Sought and the Clearly Defined and Serious Injury that Would Result if the Relief Sought is Not Granted*

The Court also finds Midland and MCM have a legitimate private interest in sealing the agreement, because it involves a nonparty and reveals confidential, proprietary information relating to the nonparty and Defendants' business practices and procedures, and business negotiations and purchase prices. The agreement also includes a Confidentiality Provision. The parties' Discovery Confidentiality Order specified this document was "Confidential," a designation not challenged by Plaintiffs.

Further, the public does not have any significant interest in this agreement and will not be harmed without this information. Public disclosure of this agreement's information could potentially undermine Midland and the nonparties' market positions.

Mr. Bowker argues Defendants' Motion does not prove any clearly defined injury would result absent the grant of this Motion.[10] He relies upon the initial Canez declaration in making this argument, arguing "the only purported showing of any conceivable serious injury, . . . is not particularized, or legitimate or clearly defined."[11] Both Ms. Canez's initial and supplemental

---

[7] L. Civ. R. 5.3(c)(3).

[8] *Horizon Pharma AG v. Watson Laboratories Inc.*, 2015 WL 12859244, *1 (D.N.J. Sept. 14, 2015).

[9] (D.E. 71).

[10] (D.E. 80, Pl.'s Opp'n to Mot. to Seal, at 12–14).

[11] *Id.* at 12–13.

declarations discuss the damage to Defendants' businesses she believes would result from denial of this Motion, adequately, pursuant to Local Rule 5.3.

### C. *Why a Less Restrictive Alternative to the Relief Sought is Not Available*

Defendants argue no alternative means exist to protect the information contained within this document, but Mr. Bowker argues this Motion would be overbroad. Particularly, Mr. Bowker notes information Defendants seek to seal is "referenced in and relied upon in the parties' underlying briefing" in the Parties' then-pending motion.[12] But Defendants clarified they "do not propose redacting any of the sections of the Agreement that were relied upon in the underlying Motion to Compel Arbitration or in the Court's Decision[.]"[13] And in her opinion granting Defendants' Motion to Compel Arbitration and dismissing the action, Judge Wigenton did not rely on portions of the Agreement that Defendants seek to seal in this Motion.[14]

The Court finds sealing this document is not overbroad, and thus constitutes the least restrictive means to protect Defendants' privacy interests.[15]

### D. *Any Prior Order Sealing the Same Materials in the Pending Action and the Identity of any Party or Nonparty Known to be Objecting to the Sealing Request*

The Court finds the first factor, whether any prior order sealing the same materials have been issued in this pending action, inapplicable, because no prior order has sealed this document. While a partially redacted version has been filed on the docket,[16] no prior order has fully sealed this agreement.

Here, no parties other than Mr. Bowker opposes this motion. Mr. Bowker's arguments have both substantive and procedural bases: While Mr. Bowker argues Defendant's Motion to Seal is procedurally deficient,[17] Defendant's Motion complies with all requirements under this Court's Local Rule 5.3. And while Mr. Bowker argues that because the document at issue was

---

[12] *Id.* at 14–15.

[13] (D.E. 85, Defs.' Reply Mem., at 3).

[14] (D.E. 83, Op.).

[15] *China Flying Falcon LTD., v. Dassault Falcon Jet Corp.*, 2017 WL 6638204, *3 (D.N.J Dec. 29, 2017).

[16] (D.E. 78).

[17] (D.E. 80, Pl.'s Opp'n to Mot. to Seal,).

entered as an exhibit in a deposition that itself was not designated confidential it cannot itself be sealed,[18] Defendants clarify that the document's language in the transcript of the deposition is not proposed to be redacted.[19] Similarly, Mr. Bowker argues this Motion is procedurally insufficient because the declaration submitted, of Ms. Bernadette Canez, relies on a document separate from that at issue in the present Motion.[20] In response, Ms. Canez submitted another declaration to the Court to remedy any question, and to clarify her role at Defendant company and the harms that would ensue without the grant of the instant Motion.[21]

Despite this opposition, the Court finds Mr. Bowker's objections insufficient to overcome Defendants arguments in favor of seal.

II. Conclusion

For the foregoing reasons, the Court **GRANTS** Microsoft's motion to seal (D.E. 79).

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/9/2020 5:42:40 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

---

[18] *Id.* at 11–12.

[19] (D.E. 85, Defs.' Reply Mem., at 7).

[20] (D.E. 80, Pl.'s Opp'n to Mot. to Seal, at 9–11).

[21] (D.E. 85-1, Suppl. Decl.).

4